## SPENCE v. McMILLAN.

1. In an action of *detinue* against a sheriff, who received money in a bag from a prisoner committed to his custody, the declarations of the prisoner that the money belonged to the plaintiff, with his consent to give it to him, are admissible to prove property in him.

2. Such declarations are admissible, although the prisoner is present and might be called as a witness.

3. A defendant cannot, under the plea of *non detinet* insist, that his lien on the chattel for expenses, &c. has not been discharged, unless he insisted on the lien when the demand was made. *Quere?* whether the existence of the lien should not be specially pleaded.

4. When money had been changed, but afterwards put in a bag by the thief, his admission of the title of the plaintiff is sufficient to warrant a recovery in *detinue* against one holding as the bailee of the thief.

Error to the Circuit Court of Talladega.

DETINUE by McMillan to recover of Spence a certain sack or bag marked in a particuliar manner, and containing forty-nine pieces of gold coin, called sovereigns, and $63 50 in silver coin.

At the trial, on the general issue, it was in evidence that several persons, having learned that one Ware had stolen a slave or slaves, and that a considerable reward was offered for his capture and commitment to some jail, proceeded to watch the road in Talladega county. Ware passed along the road, having in his possession two slaves and two horses. He was pursued and taken, and with the slaves and horses conveyed to Talladega. There was found in the possession of Ware, and of one of the slaves, gold and silver amounting to $301 50. Shortly after the capture of Ware, he paid thirty cents to some person, by giving a half dollar and receiving back two ten cent pieces. The captors of Ware delivered him with the slaves, horses and money, to the defendant, as the sheriff of Talladega county, taking his receipt therefor. They then claimed and obtained the reward offered for Ware's apprehension. Ware was committed to the jail of Talladega on a charge of negro stealing, and at the trial of this cause was in confinement therein. Some time after Ware was thus committed, and after the defendant had received the money, the plaintiff came to Talladega, and went to the jail to converse with Ware. The defendant offered to give up to the plaintiff the money, if Ware would consent, and pay his fees as sheriff. Ware did verbally consent to this, but when the defendant then presented a writing to Ware, expressing only the consent of Ware that he might surrender the money to the plaintiff, Ware refused to sign it,

or to give his consent in writing. The plaintiff next offered a witness to prove, that about this time, in a conversation with Ware, relating to the money, he admitted it belonged to the plaintiff.

This evidence was objected to, Ware being then present in court, on a *hab. cor. ad test.* issued at the instance of the defendant, and the objection being overruled, he thereupon excepted. After speaking of the admissions of Ware, this witness testified, on cross-examination, that in the same conversation, Ware told the witness, that the money was got by him, (including the fifty cents paid out as before stated,) from the plaintiff, as boot in a slave trade made between them— that he had swapped Brown and McMillan two slaves belonging to Mallory and Welsh, for a negre boy, and got some $600 or $700 in gold and silver in the swap, to boot. The boy spoken of, was the same taken with Ware when captured. This witness further testified, that just before this suit was brought, the plaintiff demanded the money from the defendant.. He also identified the bag containing the money, and proved that it contained about the sum of money alledged, as well as the value of the gold coins. There was some other proof by witnesses, estimating the value of the gold coin, but slightly varying as to the value.

This was all the evidence before the jury ; the defendant requested the court to charge—

1. That the evidence was not sufficient to sustain this action. This was refused.

2. That if the thirty cents was paid by Ware, as in proof, and the twenty cents received by him, was put in the bag— then the plaintiff was not entitled to recover in this form of action. This was refused, and the jury instructed, that a variance or discrepancy of only twenty cents, was not regarded in law, and they should disregard it in this case.

3. That this action could not be maintained unless before its commencement, the plaintiff had paid or tendered to the defendant a proper compensation as his fees, for keeping the slave spoken of as committed to the custody of the defendant when Ware was committed to jail. This was also refused.

The defendant excepted to the refusal to give the charge

74

as requested, and to that given, and now assigns that in these particulars the circuit court erred.

S. F. Rice and F. W. Bowdon, for the plaintiff in error, made the following points:

1. Ware was a competent witness, and evidence of his declarations were not admissible, with respect to the title of the money. [Borland v. Mayo, 8 Ala. Rep. 104, 113 ; McBride v. Thompson, Ib. 650 ; Julian v. Reynolds, Ib. 684 ; Bank of Ala. v. McDade, 4 Porter, 252 ; Hodges v. Harlin, 3 C. & P. 170 ; Alexander v. Messor, 11 John. 185 ; Kennedy v. Meador, 1 S. & P. 220 ; Fitch v. Chapman, 10 Conn. 9 ; Hurd v. West, 7 Cowen 752 ; Thomas v. Waterman, 7 Met. 227.]

2. The sheriff, by positive law, is *quasi* the inkeeper for prisoners, both in civil and criminal cases, and a prisoner is bound to pay the sheriff for sustenance provided. The sheriff is therefore entitled to the lien upon the property of the prisoner in his custody. [Adams v. Hopkins, 5 John. 253, and cases there cited ; Noble v. Smith, Ib. 357, in notes ; 8 Am. Com. L. Cases, 47, § 5.] And no action can be sustained for such property, unless just compensation is paid, or tendered before suit brought. [2 Greenl. 225 ; Brown v, Brown, 5 Ala. 508.]

3. Detinue lies only for money when it can be identified, and here, a portion certainly was not the identical money of the plaintiff. All the money in the bag must be identified as the property of the plaintiff, and as a part did not belong to him, the charge refused should have been given. [1 Chit. Plead. 120 ; Haynes v. Crutchfield, 7 Ala. Rep. and cases there cited.]

W. P. Chilton, contra, argued—

1. That the defendant was the mere banker of the money, the title to which, as against him, was in Ware, and Ware's declarations, as the possessor, were admissible to show the money belonged to the plaintiff. [Oden v. Stubblefield, 4 Ala. Rep. 42 ; Belknap v. Pratt, 5 H. & J. 51 ; 3 C. & P. 395 ; Horton v. Smith, 5 Ala. Rep. 348 ; Cowen & Hill's Notes,

600; 1 Starkie Ev. 70; Bliss v. Winston, 1 Ala. Rep. 348; Rice v. Bancroft, 11 Pick. 469.]

2. The supposed want of identity, on account of mixing the change received on the road, comes within the maxim *de minimis,* &c., but independent of this, the other monies were recoverable.

GOLDTHWAITE, J.—1. To ascertain whether the declarations of Ware in this case, were admissible as evidence, it is proper to look at the surrounding circumstances. It will be seen he had previously been arrested and committed to jail on a charge of slave stealing. At this time, although the money was not in his actual possession, yet those who took him asserted no title, and it was committed to the keeping of the defendant, in common with the other property found upon Ware, or in his possession. Wherever the true title was, it seems clear the defendant must be considered as the mere bailee of Ware. In this view his admissions that the plaintiff was entitled to the money, and his consent that the defendant should surrender the money, was sufficient to invest the plaintiff with the title, as against the defendant, who certainly has no claim whatever, and against whom the title of Ware is entirely sufficient.

It is possible there is some difficulty under the proof, in arriving at the conclusion the money originally belonged to McMillan, and therefore, in this aspect, he might not be entitled to maintain *detinue;* but in the one first noticed, this difficulty does not arise. If Ware admitted the right of the plaintiff to the specific money contained in the bag, and consented it should be delivered to him, it does not lie with the defendant to say this shall not be done. If the case was put, that Ware was the owner of the money—and there is nothing in the case to show that any one besides the plaintiff had a better title—it cannot, we think, be doubted, that his title would pass by any sufficient contract, and we consider the admission of the right of the plaintiff to the money, with the consent that the defendant should so deliver it, as transferring whatever title Ware possessed. As Ware's title was preferable to any which the defendant has asserted, there was nothing to bar a recovery. The general rule is, that the decla-

rations of persons in possession of chattels, are always admissible as evidence, with respect to the title being in some other person, but it is difficult to say in advance, that the rule is applicable to all declarations. Numerous cases are found in the books sustaining this rule, and many of them are cited in the briefs of the counsel. One entirely applicable to the facts presented here is, Willers v. Farley, 3 C. & P. 395, where it was held, the declarations of a debtor remaining in possession of goods after a sheriff's sale—these being afterwards seized and sold under another fi. fa.—were admissible to show the first sale was merely colorable. Whether the declarations of Ware are to be considered as admitting the original title of the plaintiff to the money, or as a transfer of that which h e was invested with, in our judgment, they were alike admissible.

2. It is insisted, however, that as Ware himself was present, and might have been examined, the declarations for this reason should have been excluded. The rule is, that such declarations of Ware, are evidence as part of the *res gestæ* attending the property, and as such are proveable as distinct facts. [Rice v. Bancroft, 11 Pick. 469.]

3. It is not shown that the defendant was entitled to any compensation for keeping the money or slave, but if such was the case, he would not be allowed to defend this suit on this point, unless he insisted on the claim for compensation, as the only excuse for failing to deliver it when it was demanded.

It is said, when goods are pledged, the defendant cannot show this fact under the plea of *non detinet*, but must plead it specially. [1 Chit. Pl. 485.] In analogy to this, it would seem reasonable that the assertion of a lien should be disclosed in the same manner, but however the rule of pleading may be, and independent of it, the refusal to deliver when a demand is made, is evidence from which it may be inferred, the defendant denies the title of the plaintiff, unless the refusal to deliver is put expressly on the ground of the lien supposed to exist. In connection with this subject, see Cross on Liens, 53, 54, and cases there cited.

4. If the money was sought to be recovered on the sole ground, that it belonged to the plaintiff, independent of any

transfer of the title by Ware, when in jail, it would be difficult to sustain the charge in relation to the two ten cent pieces, on any other ground than the maxim *de minimis*, &c., but instead of placing our decision on this ground, we refer to what is said in the first paragraph of this opinion, where we have endeavored to show, the declarations of Ware might be considered as a transfer of his interest, whatever that was, in the money, and in this point of view, the inaccuracy of the charge, if thus considered, is entirely unimportant.

On the whole, we are satisfied there is no error in the record. Judgment affirmed.