# Boulden *v.* Estey Organ Company.

### Statutory Detinue for Piano.

1. *Conditional sale of personal property; illegal contract.*—When personal property is sold on a credit, and is delivered to the purchaser, the title passes to him, though the contract may be illegal, and the seller is without remedy; but, if the sale is conditional, the title being retained by the seller until the purchase-money is paid, he may recover the property by action, in the event of non-payment, notwithstanding the illegality of the contract.

2. *Supersedeas bond, in detinue.*—On appeal from a judgment for the plaintiff in detinue, for the property or its alternate value as assessed, with damages for its detention, a *supersedeas* bond ought properly to be in a sufficient sum to secure the return of the property, or the alternate value as assessed, with the damges for detention, damages on affirmance, and costs, (Code,§ 3624); but, if the penalty of the bond, as prescribed by the judge, is only double the damages assessed for the detention, and it is conditioned only for the payment of costs, the surety is only liable for the costs on affirmance, and no damages whatever can be awarded.

APPEAL from Birmingham City Court, Jefferson County.

Tried before the Hon. H. A. SHARPE.

The principal facts, showing the point raised in this case, are sufficiently set forth in the opinion. The piano, the subject matter of the suit, was sold to one Mrs Richards under a contract, which specially stipulated that the title was to be retained in the plaintiff until all the deferred payments, secured by promissory notes, were met and liquidated. Before the payment of all the deferred payments, as required under the contract, the original purchaser, Mrs. Richards, sold the piano

[Boulden v. Estey Organ Co.]

to the defendant in this suit, and he has never paid the plaintiff any thing on the piano.

Upon these facts, and those shown in the opinion, the Judge, a jury being wavied as authorized by statute, rendered judgment for the plaintiff, assessing the value of the piano, and rendering judgment for the recovery of the value of the use of it during detention, together with costs of suit. On this appeal, the judgment of the lower court is assigned as error.

TIPTON BRADFORD, for appellant.

LEA & GREENE, *contra.*

STONE, C. J.—This is a statutory action of detinue, brought by the appellee, a foreign corporation, to recover a piano, which was conditionally sold to the vendor of the appellant, defendant in the court below.

The general rule is, that to maintain detinue, or the corresponding statutory action for the recovery of chattels in specie, the plaintiff must be clothed with the legal title, or must have the right to the immediate possession of the goods sued for. *Jones v. Anderson,* 76 Ala. 427; *Gluck v. Cox,* 75 Ala. 310; *Graham v. Meyers,* 74 Ala. 432; *Huddleston v. Huey,* 73 Ala. 215.

The question of prime importance in the present suit is, where was the legal title—in whom was it vested at the commencement of the action? . By the terms of the contract, the sale was beyond all cavil conditional; and the conditions thereof, precedent to the vesting of title in Mrs. Richards, not being performed, the title remained in the plaintiff.—*Harmon v. Goetter, Weil & Co.,* 87 Ala. 325; *Fairbanks v. Eureka Co.,* 67 Ala. 109; *Sumner v. Woods, Ib.* 139; 1 Benj. on Sales, § 425; *Fields v. Williams, infra;* s. c. 8 So. Rep. 808.

The point most earnestly contended for by appellant is, that the plaintiff cannot look to this contract in support of the present suit, nor can its right to maintain the action be referred to any rights arising out of the contract. The ground of this contention is, that the transaction whereby the piano was sold, the notes executed, and the agreement for the reservation of title made, was the doing business in Alabama, without conforming to constitutional requirements. Art. XIV., § 4. These requirements were made effective by the act of the General Assembly, approved February 28, 1887. Acts of 1886-7, p. 102.

Admitting, for the sake of argument, the contention of the defendant, what is the result? The transaction is one expressly violative of the constitution and laws of the State, and, therefore, illegal. The contract, founded upon this illegal transac-

tion, is necessarily void, and can not be enforced, nor any rights arising therefrom asserted.—*Dudley v. Collier*, 87 Ala. 431.

We have, then, this case, according to appellant's own showing: The foreign corporation entered into an executory agreement to sell the piano, but the agreement did not ripen into an executed contract of sale. The title remained with the Estey Organ Company. If the promise to pay for the piano had been violative of no constitutional, or statutory prohibition, the purchaser could not have acquired the right and title to the piano, without paying the agreed purchase price. But owing to the provisions of the Constitution and of the statute, the purchaser can not be compelled to pay the agreed price. What is the effect? Certainly not to vest title in the purchaser, without performing the condition on which his title was made to depend. To so hold, would be to make a contract for the parties which they never agreed to make, and to convert the transaction into an absolute sale, when the contracting parties agreed to make, and did make it only a conditional agreement to sell; and this, notwithstanding the non-performance of the condition stands out as an undisputed fact. Conceding that all the executory terms of the agreement of sale were opposed alike to the Constitution and to the statute, and therefore not enforceable, the title to the piano remained in the Estey Organ Company, unaffected by the illegal, unexecuted attempt to sell it. An executory agreement to make a sale which the law forbids to be made, can not, at one and the same time be invalid to bind the purchaser to the performance of the agreed condition precedent to the vesting of title in him, and yet valid to devest title out of the would be seller. In such conditions the law leaves the parties as it finds them, and leaves the title where they left it. The title being left in the Estey Organ Company by the terms of the agreement, there is nothing shown in this record which can devest that title. It is still in the Estey Organ Company.

This rule would doubtless be different, if there had been an absolute sale on credit, and a delivery of the thing sold. Such sale would pass the title to the purchaser, and the seller would be without power to coerce payment, or to re-possess himself of the piano.

In *Christian v. Amer. Freehold Land Mortg. Co*, 89 Ala. 198, it was decided that the prosecution or defense of an action in this State by a foreign corporation was not the transacting or engaging in business in Alabama, as prohibited by the Constitution and statute.

Pretermitting all further discussion as to whether the

plaintiff corporation is one that falls under the ban of the constitutional provision (Const. Art. XIV, § 4) as made effective by legislative enactment, (Acts 1886–7, p. 102); or whether the enforcement of this constitutional and statutory regulation as to the contract here involved would contravene the power granted to Congress to regulate commerce among the States, we hold, that in either of these aspects of the case plaintiff is entitled to recover.

The record does not disclose any ruling of the trial court on the pleadings, and hence we can not review them. We have considered all the questions raised by the assignments of error —the rulings on the evidence not being assigned.

The judgment is affirmed.

Additional opinion. May 18, 1891.

STONE, C. J.—This suit was instituted under § 2717 of the Code of 1886, for the recovery of a chattel in specie; viz: a piano. There was a judgment that the plaintiff recover the piano, assessing its value at eight hundred and fifty dollars, and a further judgment for one hundred and thirty-five dollars, "the value of the use of said property during the detention," and for costs. On May 2, *inst*, a judgment was rendered in this Court affirming the judgment of the City Court. We are asked to give directions for the entry of the proper judgment in this case.

Section 3624 of the Code provides that "If the decree or judgment be for the payment of money, and also for the performance of some act or duty, or for the recovery of property real or personal, or the possession thereof,   *   *   and the party appealing wishes to supersede the execution of such judgment or decree, he must, unless otherwise provided, give bond with good and sufficient sureties, payable to the party recovering the judgment or decree, in double the amount of the money, with condition to prosecute to effect the appeal, or, if he fails therein, to pay such judgment as the Supreme Court may render in the premises; and must also execute bond with good and sufficient sureties, payable to the clerk or register, in such sum as the judge or chancellor may prescribe, with condition to pay all such costs and damages as any party aggrieved may sustain by reason of the wrongful appeal and suspension of the execution of the judgment or decree." The statute then provides that the party appealing in such case has the option of suspending the entire judgment or decree, by giving the two bonds; or, of suspending either aspect of it by giving the one bond appropriate to the service. The bond

necessary to suspend the money part of the judgment or decree is payable to the plaintiff, and does not need any direction of the judge or chancellor. The clerk takes and approves it as in other cases. When, however, the recovery goes beyond a money judgment or decree, and directs the surrender of property, or the performance of some act or duty, then, in order to suspend that part of the judgment or decree, the judge or chancellor must prescribe the penalty, and the bond is required to be made payable to the clerk or register, as the case may be.

The intention in this case appears to have been to suspend the entire recovery; that for the property, as well as the money recovery of damages for the detention. The presiding judge made the following order: "In this cause, upon application of the defendant to have fixed the amount of the bond to be given by him to suspend the judgment rendered therein, in his appeal therefrom to the Supreme Court, it is ordered that such bond be given in the sum of two hundred and seventy dollars, with condition as the law prescribes."

Under this order a bond was taken and approved, in the penalty of two hundred and seventy dollars, payable to Miller, the clerk and register. In the defeasance clause of this bond there is a material omission. Instead of providing for the payment of "costs and damages," as the statute prescribes, the word damages is omitted. Its language is, "Now, if the said C. M. Boulden shall prosecute to effect his said suit in the Supreme Court of Alabama, and shall pay all such costs as any party aggrieved may sustain by reason of the wrongful appeal and suspension of the execution of said judgment, then this obligation to be void; otherwise to remain in full force and effect."

A surety is bound only by the letter of his contract, which can not be enlarged or changed without his consent.—2 Brick. Dig. p. 374, § 18; *City Council v. Hughes*, 65 Ala. 201. Under this bond there can be no recovery or judgment except for the costs.

It would seem that in such case as this, the bond ought to be in a sufficient sum to secure the return of the property, or the payment of its alternate value, and the damages to be adjudged in case of affirmance.—Code, § 3664.

The bond given to suspend the money recovery of damages for detention is sufficient only for costs of suit. We award no damages on the one hundred and thirty-five dollars. There can be no recovery of damages on the alternate value ascertained and assessed.