[Alabama Cotton Oil Co. v. Weedon.]

# Alabama Cotton Oil Co. *v.* Weedon.

### *Trover.*

(Decided May 6, 1907. 43 South. 926.)

1. *Trover and Conversion; Demand; Jury Question.*—Where there was evidence tending to show a non delivery to plaintiff and evidence tending to show that the cotton might have been delivered to another than the defendant, it was a question for the jury to say whether or not there had been a conversion of the cotton; and no demand was necessary.

2. *Bailment; Lien of Bailee as Defensive Matter; Waiver.*—Where the evidence showed without dispute that if a demand was

[Alabama Cotton Oil Co. v. Weedon.]

made there was an unqualified refusal to deliver, this was a waiver of any claim of lien or charges for bailment as defensive matter to the action.

APPEAL from Madison Circuit Court.

Heard before Hon. D. W. SPEAKE.

Trover by Felix W. Weedon against the Alabama Cotton Oil Company. From a judgment for plaintiff, defendant appeals. Affirmed.

This was an action in trover for the conversion of a bale of cotton, brought by appellee against appellant. The evidence tended to show that appellee delivered to appellant, who was a public ginner, a certain lot of seed cotton to be ginned; that he received the seed at the time of the ginning, but left the lint cotton at the gin, and afterwards went back for it and failed to receive it. Evidence for the defendant tended to show that the bale of cotton was delivered to him on his ginner's ticket. It was also shown by the defendant that the ginning had not been paid for. The court in its oral charge said to the jury: "It is immaterial, gentlemen, whether the ginning has been paid by the plaintiff; and his failure to pay said ginning would not affect his right to recover in this suit." The defendant requested the general affirmative charge with hypothesis, which was refused.

COOPER & FOSTER, for appellant.—A mere refusal on demand to deliver is not sufficient to render the bailee liable for conversion.—*Davis v. Hunt*, 114 Ala. 146. There can be no wrongful detention until a demand has been made by the owner for possession and the same refused.—*Glaze v. McMillan*, 7 Port. 279; *Haas v. Taylor*, 80 Ala. 459; *Strauss v. Schwab*, 104 Ala. 672; *Davis v. Hunt, supra.*

R. E. SMITH, and ROBERT BRICKELL, for appellee.— Whether or not the ginning had been paid for did not in the least affect the appellant's defense.—*Spence v. McMillan*, 10 Ala. 583. It is only where the possession has been rightfully with defendant and afterwards the

[Forman, et al. v. Hair, et al.]

property remains with him that demand must be made and refused in order to characterize the detention as wrongful.—*Boutwell v. Parker & Co.*, 124 Ala. 341. If the disposition of the cotton was unauthorized, no demand was necessary.—*Haas v. Taylor*, 80 Ala. 459.

HARALSON, J.—The evidence affords an inference that the cotton was never delivered to the plaintiff, and it also affords an inference that the cotton may have been delivered to another than the defendant. In this state of the case, it was a question for the jury as to whether or not there was a conversion of the cotton by the defendant. No demand was necessary.

For the same reason the affirmative charge for the defendant was properly refused.

The defendant also excepted to a portion of the oral charge of the court. If the defendant had a lien on the cotton, for ginning, yet the evidence shows without dispute that if a demand was made, there was an unqualified refusal to deliver the cotton; and this was a waiver of the lien as defensive matter.—*Spence v. McMillan*, 10 Ala. 583.

Affirmed.

TYSON, C. J., and SIMPSON and DENSON, JJ., concur.