[Case v. Monk.] ·

# Case *v.* Monk.

*Detinue,*

(Decided April 8, 1913.   62 South. 268.)

1. *Contracts; Illegal Contracts; Enforcement.*—Where the action was detinue to recover furniture leased or conditionally sold, and it appeared that under the contract title remained in plaintiff, a plea alleging that the contract was void because plaintiff knew that the furniture was to be used for disorderly purposes, was not a good defense since the law will leave the title where the parties left it.

2. *Pleading; Defective Plea; Taking Issue.*—The parties and not the court had the right to make the issues, and if issue be taken on an insufficient plea and the plea is proven, defendant is entitled to verdict.

APPEAL from Mobile Circuit Court.

Heard before Hon. SAMUEL B. BROWNE.

Detinue by William H. Monk, Jr., against Jessie Case.   Judgment for plaintiff, and defendant appeals. Affirmed.

CHARLES W. TOMPKINS, for appellant.   The pleas state a good defense to the action and the court was in

error in sustaining demurrers thereto.—*Ramsey v. Smith,* 35 South. 325; *Lea v. Cassen,* 61 Ala. 312; *Ware v. Jones,* 61 Ala. 288; *Hill v. Freeman,* 73 Ala. 201; Addison on Contracts, 252; Bishop on Contracts, 458. On the same authority the charges requested by appellant should have been given.

BOYLES & KOHN, for appellee. The court was not in error in sustaining demurrers to the plea, as under the contract, the title was left in plaintiff, and the law leaves it in the same place.—*Boulden v. Estey O. Co.,* 92 Ala. 182, and cases there cited; *Curry v. Ware,* 67 Ala. 274. Counsel criticize cases cited by appellant, and insist they are not applicable. They further insist that the contract was a lease and cannot be construed otherwise.—*Bates v. Crowell,* 122 Ala. 618.

PELHAM, J.—The action brought by the appellee is in detinue to recover of the appellant certain articles of furniture, the possession of which had been secured by appellant from the appellee under a contract or agreement whereby a certain sum was to be paid monthly for the use or rental of the furniture for a period of 17 months. The amount paid in cash and the 17 monthly payments provided for are more than the value of the property, as set out in the agreement, but there is no stipulation that the title to the property shall pass into the "lessee" when all of the amounts provided for are paid.

The complaint contained a general count in the Code form in an action of detinue, and in special counts of the complaint the appellee sets up that he is the owner of the property sued for, and that he surrendered the possession thereof to the appellant under the agreement referred to in the first paragraph of this opinion,

and that default has been made in payment of the installments. A copy of the contract or agreement is attached as an exhibit and made a part of these special counts by reference. To these counts of the complaint the appellant filed special pleas setting up in substance and effect the illegality of the contract, and averring it to be void because, at the time the plaintiff sold or delivered the furniture under the contract, the plaintiff knew it was to be used by the defendant "for the purpose of prostitution," or in encouraging prostitution as auxiliary to keeping a bawdy house. These special pleas were attacked as a defense to the action by appropriate demurrers, which were sustained by the court; and the rulings on the demurrers are separately assigned as errors, and raise the main, and in fact the only, question presented on this appeal, although there are 36 errors assigned on the record.

The appellee contends that the agreement or contract under the terms of which he parted with possession of the property is not a contract of conditional sale, but merely a lease or rental agreement, and that, while a court of chancery would have the power to declare the agreement a conditional sale if the facts warranted it, a court of law can only construe the agreement, and that a proper construction will require it to be declared a lease, and not a conditional sale. We do not think it at all necessary to pass upon this contention in deciding the question before us, for whether the contract is a lease agreement or a conditional sale, the title to the property remained in the appellee under the stipulations of the agreement in all events, whether it be construed as a lease or contract of sale, until the contract became executed by the payment of the installments provided for, and there is no pretense that this was done and that there was no default made in the payments.

The instrument under consideration in the case of *Boulden v. Estey Organ Co.*, 92 Ala. 182, 9 South. 283, was a contract of conditional sale, and the instant case comes under the influence of what was said there; and a proper application of the rules of law laid down by Chief Justice STONE in rendering the opinion in that case is decisive of the case before us now.

The case of *Boulden v. Estey Organ Co.* (above cited) was an action of detinue, and the defense relied upon to defeat the action was the same as that interposed by the special pleas in this case; i. e., that the contract of conditional sale under the terms of which the property was delivered by the plaintiff to the defendant, being founded upon an illegal consideration and void, could not be enforced, and therefore could not be looked to in support of the detinue suit, nor the right to maintain the action be referred to any rights arising out of the contract. But it was held in that case that, while the purchaser could not be compelled to pay the purchase price under the void contract, yet the title was not vested in him when he had not complied with the stipulations for paying the installments, and that the law leaves the title undisturbed in the vendor. To quote from the opinion in the case referred to (92 Ala. 194, 9 South. 284) : "An executory agreement to make a sale, which the law forbids to be made, cannot at one and the same time be invalid to bind the purchaser to the performance of the agreed condition precedent to the vesting of title in him, and yet valid to divest title out of the would-be seller. In such conditions the law leaves the parties as it finds them, and leaves the title where they left it."

The title to the articles of furniture sued for in this case was shown by the averments of the complaint and the special pleas to have been left in the plaintiff in the

court below, the appellee here, and the court was not in error in sustaining the demurrers to the pleas and in rendering a judgment for the plaintiff ·on the agreed statement of facts showing the same conditions.

There is nothing in the case of *Ramsey v. Smith,* 138 Ala. 333, 35 South. 325, in the way of the conclusion reached in this case. What was said there had reference to the issues as made between the parties on the pleadings in that particular case. The special pleas setting up the illegality of the contract in that case were not demurred to or their sufficiency otherwise challenged, and the court could not, and was not in what was said undertaking to, pass on the sufficiency of the pleas as a good defense to the action, for it appears from the record in that case the plaintiff joined issue on the pleas.

The court in the discussion had on the pleas setting up a similar defense in that case was but proceeding on the well-established rule that the parties and not the court have the right to make the issues, and though a plea be insufficient, if issue be taken on it, and the plea is proven, the defendant is entitled to a verdict.—*S. S. & I. Co. v. Vinzant,* 153 Ala. 212, 44 South. 1015.

The judgment of the court appealed from will be affirmed.

Affirmed.