(92 South. 253)

ZAVELO v. STARR PIANO CO.   (6 Div. 383.)

(Supreme Court of Alabama.   Jan. 12, 1922.)

New trial ☞97—Granting new trial to foreign corporation presenting certificate of qualification held not error.

In action by foreign corporation against a purchaser of an automobile, to recover the automobile, in which the trial court stated that, although plaintiff's certificate of qualifications that it was authorized to do business in the state was not sufficient, it might still maintain the action, as a result of which plaintiff did not ask a continuance to enable it to present a sufficient certificate of its qualifications to do business within the state, and the court afterward changed its conclusion on this question, and gave an affirmative instruction in the favor of defendant, granting a motion of plaintiff for a new trial on the production of a sufficient certificate of qualifications was proper; the question of whether plaintiff exercised due diligence prior to the trial to secure a certificate being immaterial.

Appeal from Circuit Court, Jefferson County; R. V. Evans, Judge.

Action by the Starr Piano Company against M. Zavelo, in detinue for an automobile. There was a directed verdict for the defendant, which on motion of plaintiff was set aside, and new trial avoided, from which latter judgment the defendant appeals. Affirmed.

C. B. Powell, of Birmingham, for appellant.

The court erred in granting a new trial. 84 Ala. 103, 4 South. 235; 87 Ala. 344, 6 South. 122, 5 L. R. A. 100. Counsel discuss other matters not necessary to be here set out, since the opinion does not treat of them.

Nesmith & Hunt, of Birmingham, for appellee.

The court exercised a proper discretion in granting the new trial. 18 Ala. App. 78, 89 South. 88.

McCLELLAN, J. Detinue by appellee, a foreign corporation, against appellant, to recover an automobile purchased by appellant of appellee under written contract retaining title until purchase price was paid in full. The trial court give the affirmative instruction in favor of defendant; this upon the theory that plaintiff, appellee, had not sufficiently shown its right as a foreign corporation to do business in Alabama. During the trial it appeared that plaintiff's (appellant's) certificate of qualification from the secretary of state was not sufficient; whereupon the court stated at that time that, even though plaintiff had not qualified to do business in Alabama, it might still maintain this action to recover property with the title to which it had not parted. The plaintiff's counsel then advised the court that, that being the court's view, the plaintiff would not ask a continuance to enable it to present a sufficient certificate of its qualification to do business in Alabama. Subsequently, during the trial, the court changed its conclusion in this particular; whereupon "the court's attention was called to the fact that plaintiff would have taken a continuance but for the statement made by the court that it could recover without showing qualification to do business in Alabama." The court "then stated" that the general affirmative charge for defendant (appellant) would be given, "but, if the plaintiff would make a motion for new trial," and upon the hearing of the motion show qualification to do business in this state, "the judgment would be set aside." The motion for new trial was seasonably filed, and upon its hearing, a sufficient certificate of qualification being produced, the court set aside the judgment, granted the new trial, and restored the cause to the docket of pending cases. As stated, the certificate was sufficient as showing the qualification of the plaintiff to do business as a foreign corporation in Alabama. Whether the particular business done, viz. in selling this automobile, was ultra vires, the corporation was a possible issue extraneous to the matter of qualification of the plaintiff to do business in Alabama—an issue that, if sufficiently pleaded, may, of course, be determined in the trial on the merits.

Under the circumstances stated, as from the bill of exceptions, the court did not err in granting the new trial. It is evident that, had the court not given the assurance the bill recites, the plaintiff would not have foregone its right to move the court for a continuance until a sufficient certificate could be procured. The appellant's contention here that appellee did not exert proper diligence

---

prior to or during the trial to secure the requisite certificate from the secretary of state cannot be sustained, since the court, itself introduced a contingent factor, and gave the stated assurance of future action upon the mentioned contingency that necessarily qualified the otherwise present duty, in such cases, of the party plaintiff to exercise proper diligence to support with evidence his or its right to implead the defendant. To conclude this plaintiff, under the circumstances stated, by recourse to the indicated rule of exacted diligence, would be to sanction an unfair and unjust imposition upon the plaintiff. As stated, this court will not undertake, on this limited appeal, to determine the contestable issues of law and fact the parties have the right to have tried.

The court did not err in granting the motion for new trial on the particular ground to which its action on this motion is alone referable.

Affirmed.

ANDERSON, C. J. and SOMERVILLE and THOMAS, JJ., concur.