**WHATLEY v. TAYLOR.   (7 Div. 505.)**

(Supreme Court of Alabama.. Oct. 16, 1924.)

**1. Detinue ⬅18—Burden was on plaintiff to prove general or special property in mule.**

To maintain detinue for mule, burden was on plaintiff to prove that, at time action was commenced, he had general or special property in it, or owned or had legal title to it, and right to immediate possession.

**2. Pleading ⬅115—Plea of general issue held admission by defendant of possession.**

Under Acts 1911, p. 33, § 1, plea of general issue was admission by defendant of possession of mule at commencement of suit.

**3. Detinue ⬅18—Plaintiff held to fail to prove legal title to mule and right to immediate possession.**

Where only title to mule claimed by plaintiff was through chattel mortgage, which was not in evidence, plaintiff failed to prove legal title and right to immediate possession, and affirmative charge for him with hypothesis was error.

**4. Detinue ⬅22—Refusal of defendant's affirmative charge with hypothesis held erroneous.**

Where in detinue defendant pleaded general issue, and plaintiff failed to prove actual possession of mule before commencement of action, or legal title, and right to immediate possession, defendant's affirmative charge with hypothesis should have been given.

Appeal from Circuit Court, Randolph County; N. D. Denson, Judge.

Action in detinue by E. K. Taylor against Rufus J. Whatley. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals, under Acts 1911, p. 450, § 6. Reversed and remanded.

Hooton & Hooton, of Roanoke, for appellant.

The giving of the affirmative charge for the plaintiff constituted reversible error. Bolton v. Cuthbert, 132 Ala. 403, 31 So. 358, 90 Am. St. Rep. 914; Vinson v. Ardis, 81 Ala. 271, 2 So. 879; Thomason v. Silvey & Son, 123 Ala. 694, 26 So. 644; Ala. St. Bank v. Barnes, 82 Ala. 607, 2 So. 349; Wetzler v. Kelly & Co., 83 Ala. 440, 3 So. 747; Grant v. Steiner, 65 Ala. 499; Columbus Ir. Wks. v. Renfro Bros., 71 Ala. 577.

Stell Blake, of Roanoke, for appellee.

Brief of counsel did not reach the Reporter.

MILLER, J. This is an action of detiune for a mule, commenced in the justice of the peace court by E. K. Taylor against Rufus J. Whatley. There was judgment in favor of the defendant in that court, and from it, the plaintiff appealed to the circuit court.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

The circuit court on verdict of a jury rendered judgment in favor of the plaintiff, and from it, this appeal is prosecuted by the defendant.

The plaintiff asked, and the court gave, this written charge to the jury:

"The court instructs the jury that if you believe all the evidence in this case, you will find for the plaintiff."

The defendant asked, and the court refused to give, this written charge to the jury:

"I charge you, gentlemen of the jury, that if you believe the evidence in this case you will find for the defendant."

These charges are assigned as errors, and they are argued and insisted on by the appellant.

[1, 2] To maintain this action of detinue for the mule, the burden is on the plaintiff to prove that, at the time it was commenced, he had a general or special property in the mule, or owned it, or had the legal title to it, and the right to the immediate possession of it. If he has never had actual possession of the mule, then he must show a legal title to it with the right to the immediate possession of it in order to recover. Reese v. Harris, 27 Ala. 301; Butler-Kyser Mfg. Co. v. Central of Ga. Ry. Co., 190 Ala. 646, 67 So. 393; Griffith & Warren v. Biggers, 206 Ala. 563, 90 So. 795; Gwin v. Emerald Co., 201 Ala. 384, 78 So. 758. The plea of general issue is an admission by the defendant of the possession of the mule at the commencement of the suit. Section 1, Gen. Acts, approved February 28, 1911, Acts 1911, p. 33; Griffith & Warren v. Biggers, 206 Ala. 563, 90 So. 795; Kirkland v. Eford, 205 Ala. 72, 87 So. 364.

[3] There is no evidence that plaintiff was ever in actual possession of the mule before the commencement of this action, so in order to recover he must prove a legal title to it with the right to the immediate possession of it. This he attempts to do through an instrument denominated a mortgage from T. E. Shearrer, wife, and W. J. Shearrer, husband, to E. K. Taylor, the plaintiff. This instrument was offered in evidence three times. Objections to it were sustained each time by the court because the execution of it by the mortgagors was not proven. Afterwards the plaintiff proved by the subscribing witness that T. E. Shearrer and W. J. Shearrer signed it in his presence, and that he signed it as a subscribing witness; but the plaintiff never did offer this instrument in evidence again. It does not appear in the evidence. The bill of exceptions purports to contain "all or substantially all of the evidence" in the cause, but it does not contain this instrument. It was not before the jury as evidence, and it is not before this court. The only title to this mule claimed by the plaintiff is through that instrument, which is not in evidence.

[4] It results that the plaintiff failed to prove a legal title to the mule, and the right to the immediate possession of it, when, the suit was commenced, and the court erred in giving that general affirmative charge with hypothesis in favor of the plaintiff, and the court erred in refusing to give that general affirmative charge with hypothesis in favor of the defendant. The court should have given the latter and refused the former charge. Authorities supra.

For the errors mentioned, the judgment will be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.