(102 So. 795)

**STARR PIANO CO. v. ZAVELO.**
(6 Div. 241.)

(Supreme Court of Alabama. Jan. 15, 1925.)

1. **Detinue ⬅5 — Plaintiff must own or have legal title to property and right to immediate possession.**

To maintain detinue, plaintiff must own or be clothed with legal title to and have right to immediate possession of property.

2. **Detinue ⬅17—Plea of general issue admits defendant's possession, and denies plaintiff's title and right of possession.**

In detinue, plea of general issue admits defendant's possession of property at commencement of suit, and denies plaintiff's title and right of possession.

3. **Pleading ⬅30—Averment that "defendant" was not authorized to do business in state, held self-correctible clerical error.**

Averment in defendant's plea that "defendant" was not authorized to do business in Alabama, held clerical error, self-correcting from clear purpose of plea.

4. **Corporations ⬅672(4)—Pleas of invalidity of conditional contract of sale for plaintiff's noncompliance with statutory requirements of foreign corporations, insufficient.**

In detinue by foreign corporation for automobile, pleas of invalidity of conditional contract of sale for plaintiff's noncompliance with Code 1907, §§ 3642, 3647–3649, 3651, 3653, and Const. 1901, § 232, held insufficient, since, if contract was void title to automobile with right to possession remained in plaintiff.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**5. Corporations** ☜⟶672(4)—**Plea of invalidity of conditional sale contract because of seller's failure to comply with statutory requirements of foreign corporations, held defective in not clearly alleging option to declare it void.**

In detinue by foreign corporation for automobile, plea of invalidity of conditional sale contract for plaintiff's failure to pay franchise tax and file certificate, as required by Code 1907, §§ 3647, 3648, *held* defective in not clearly alleging that defendant exercised option, under section 3649, to declare contract void.

Appeal from Circuit Court, Jefferson County; Richard V. Evans, Judge.

Action in detinue by the Starr Piano Company against M. Zavelo. From a judgment for defendant, plaintiff appeals. Reversed and remanded.

Nesmith & Garrison, of Birmingham, for appellant.

Although a contract of conditional sale is invalid, the vendor may nevertheless recover the property by action in detinue. Boulden v. Estey Organ Co., 92 Ala. 182, 9 So. 283; Case v. Monk, 7 Ala. App. 419, 62 So. 268.

Powell & Powell, of Birmingham, for appellee.

Brief of counsel did not reach the Reporter.

MILLER, J. This is a detinue suit by the Starr Piano Company, a corporation, against M. Zavelo for one seven-passenger Mitchell touring car. This is the second appeal in this case; the former is reported in 207 Ala. 114, 92 So. 253.

The defendant pleaded general issue and four special pleas numbered 4, 5, 6, and 7. Demurrers of plaintiff were overruled by the court to each of the special pleas, and the plaintiff filed two special replications, numbered 2 and 3, to each of these special pleas. The court sustained demurrers of the defendant to the two replications. There was judgment in favor of the defendant. This appeal is by plaintiff on the record proper, without bill of exceptions, from that judgment; and these rulings of the court adverse to plaintiff on the pleadings are the errors assigned.

[1, 2] To maintain detinue for the automobile, the general rule is the plaintiff must own it, or be clothed with the legal title to it, and have the right to the immediate possession of it. The plea of general issue admits possession of the property by defendant at the commencement of the suit, and denies the title to it and the right of possession of it by the plaintiff. Whatley v. Taylor, 211 Ala. 655, 101 So. 590, and authorities there cited.

[3] In plea 4 the defendant avers that at the time of said sale or contract "the defendant was not authorized to do business in Alabama." The defendant should have averred "the plaintiff" instead of "defendant" was not authorized to do business in Alabama. This was a clerical error, unintentional and self-correcting from the clear purpose of the plea. Wilson v. McElroy, 206 Ala. 349, 89 So. 584; Sheffield v. Harris, 183 Ala. 357, headnote 10, 61 So. 88.

All of the four special pleas aver the automobile was sold by plaintiff to the defendant by contract of conditional sale. It was made and to be performed in Birmingham, Ala., where the property under the conditional sale contract was delivered to the defendant by the plaintiff, and at that time plaintiff was engaged in the business of dealing in automobiles in Birmingham; this contract of conditional sale was a part of its regular course of business there; and that plaintiff is and was then a foreign corporation, with its domicile in the state of Indiana. Plea 4 then avers that said contract of conditional sale is void, because plaintiff had not filed its appointment of an agent for the service of process, and had not described the agent and place of business as is required by section 3642, Code 1907.

Plea 5 avers a noncompliance by plaintiff, before making the conditional sale contract, with the requirements of sections 3647 and 3648, Code 1907.

Plea 6 avers a noncompliance by plaintiff, before making the conditional sale contract, with the requirements of section 232 of the Constitution of Alabama.

Plea 7 avers a noncompliance by plaintiff, before making the conditional sale contract, with the requirements of section 2651, Code 1907.

The plaintiff demurred to each of these pleas on the following among other grounds:

"It appears from the averments of said plea that the alleged conditional sale of the automobile was void, and plaintiff not having parted with the title to the automobile, it is entitled to recover the same in this action."

The defendant by pleas 4 and 6 avers facts attempting to show the contract of conditional sale of the automobile by the plaintiff to the defendant is void by reason of the noncompliance by plaintiff with the requirements of the statute and section of the Constitution respectively mentioned hereinbefore in each.

[4, 5] The question here is: Where is the legal title to the automobile, in the plaintiff or the defendant? The demurrers do not clearly raise the question whether this contract is void for noncompliance by plaintiff with section 3642, Code 1907, and section 232 of the Constitution. Conceding—which we

---

☜⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

do not even intimate is true—without deciding (see Sherwood v. Alvis, 83 Ala. 115, 3 So. 307, 3 Am. St. Rep. 695) that the conditional contract of sale of the automobile is void for noncompliance by the plaintiff with section 3642, Code 1907, and section 232 of the Constitution, as averred by defendant in these pleas 4 and 6, then no title having passed by the contract of conditional sale from plaintiff to defendant, the title would remain in plaintiff, and it could maintain this suit for it under the rule and principle stated in Boulden v. Estey Organ Co., 92 Ala. 182, 9 So. 283. Under such circumstances, this court, as in that case, wrote: "The law leaves the parties as it finds them, and leaves the title where they left it." They would thereby leave the title ·in plaintiff with the right to thé possession of the property, and this suit could be maintained by plaintiff to secure it. So these pleas, 4 and 6, are insufficient. Boulden v. Estey Organ Co., 92 Ala. 182, 9 So. 283.

Plea 5 avers the contract of conditional sale is void, because the franchise tax was not paid and certificate filed by plaintiff as provided by sections 3647 and 3648, Code 1907.

Section 3649 provides:

"All contracts made in this state by any foreign corporation which has not first complied with the provisions of the two preceding sections [3647 and 3648, Code 1907] shall, at the option of the other party to the contract, be wholly void."

One defect, and there may be others, in this plea, is the defendant fails to clearly allege that, as a party to the contract of conditional sale of the automobile, he does and has exercised his option, his ,right to declare it void. Section 3649, Code 1907. And if we construe the plea as an exercise by him of the option to claim the contract is void, then this plea, like pleas 4 and 6, is insufficient, condemned by the rule, supra, in Boulden v. Estey, 92 Ala. 182, 9 So. 283, and the court erred in overruling the demurrer to it, which demurrer should have been sustained. The title to the automobile would be, under the facts alleged in plea 5, if the contract of conditional sale was void, in the plaintiff,· with the right of possession to it.

Plea 7, like plea 5, is insufficient and condemned by the rule in Boulden v. Estey, 92 Ala. 182, 9 So. 283. This plea avers the contract of conditional sale is void, because the plaintiff failed to secure a permit admitting it to do business as provided by section 3651, Code 1907. Section 3653, Code 1907, provides:

"All contracts, engagements, or undertakings or agreements with, by, or to such corporation, made without obtaining such permit, shall be null and void."

If the contract of conditional sale is void as alleged in this plea, then the title to the automobile would be in the plaintiff with the right to its possession, under the authority of Boulden v. Estey, 92 Ala. 182, 9 So. 283. Under the facts alleged in this plea, if true, the title to and right of possession of the automobile would be in the plaintiff.

The court erred in overruling demurrers of plaintiff to these pleas numbered 4, 5, 6, and 7. They should have been sustained by the court. Boulden v. Estey, 92 Ala. 182, 9 So. 283, and Case v. Monk, 7 Ala. App. 419, 62 So. 268. These pleas (4, 5, 6, and 7) being insufficient and defective, it is not necessary to consider the rulings of the court on demurrers of defendant, adverse to plaintiff, on replications numbered 2 and 3' of plaintiff to them.

For the errors mentioned, the judgment is reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and THOMAS, JJ., concur.