**GRAY v. CROWELL et ux.    (8 Div. 858.)**

(Supreme Court of Alabama.   April 15, 1926.)

1. **Fixtures** ☞15—Lunch stand on wheels, treated as personal property and moved from place to place, held personal property (Code 1923, § 2).

Lunch stand on wheels, treated as personal property and moved from place to place and placed on defendant's premises by lessee of the stand, *held* personal property in view of Code 1923, § 2, notwithstanding lessee of wagon in moving it broke one wheel and propped it up by bricks.

2. **Use and occupation** ☞6—Owners of land had no lien on lunch wagon rented by their minor son, placed on their property and abandoned by him (Code 1907, § 4753, subds. 1–4; Code 1923, § 8820, subd. 5).

Under Code 1907, § 4753, subds. 1–4, defendants had no lien on lunch wagon rented by defendants' minor son from plaintiff, placed on their property and abandoned, as property was never demised by deed or parol, there was no agreement by plaintiff to pay rent, he did not go into possession under supposed sale, he had no contract of tenancy, and did not take possession of lot unlawfully; Code 1923, § 8820, subd. 5, not being in effect at time of action.

Appeal from Law and Equity Court, Franklin County; B. H. Sargent, Judge.

Action in detinue by M. D. Gray against W. R. Crowell and Mrs. W. R. Crowell. Judgment for defendants, and plaintiff appeals. Transferred from Court of Appeals under Code 1923, § 7326. Reversed and remanded.

Stell & Quillin, of Russellville, for appellant.

Plea D was subject to demurrer. Donaldson M. Co. v. First Nat. Bank, 104 So. 394, 213 Ala. 213; Hooper v. Farmers' Union Warehouse Co. (Ala. App.) 105 So. 725. The property sued for was personal property. Walker v. Tillis, 66 So. 54, 188 Ala. 313, L. R. A. 1915A, 654; Roberts v. Caple, 62 So. 343, 8 Ala. App. 444. Plaintiff was entitled to the affirmative charge. Walker v. Tillis, supra.

H. D. Jones, of Russellville, for appellees.

Brief of counsel did not reach the Reporter.

MILLER, J. This is an action of detinue instituted by M. D. Gray against W. R. Crowell and his wife for "one lunch stand on wheels." The defendants plead (A) general issue; (B) that the property sued for is a building, a permanent fixture as such attached to the realty, and a part of the freehold. The plaintiff joined issue on these pleas. The court sustained demurrer to plea C, and overruled demurrer to plea D. The jury returned a verdict in favor of the defendants, and, from a judgment thereon by the court, this appeal is prosecuted by the plaintiff.

There are no facts averred in plea D showing relation of landlord and tenant existed by an expressed or implied contract between plaintiff and defendants, by which defendants had a lien on this lunch stand, and no facts are averred showing defendants had a lien on it by operation of law, and the plea probably contains other defects not pointed out by the demurrer. The court erred in overruling the demurrer of the plaintiff to this plea; it should have been sustained. Section 4753, Code of 1907; Spence v. Mc-

Millan, 10 Ala. 583; Alabama Cotton Co. v. Weeden, 43 So. 926, 150 Ala. 587; Leight Bros. v. Mobile & Ohio R. Co., 58 Ala. 165, headnote 8; Hooper v. F. U. W. Co., 105 So. 728, 213 Ala. 554.

This lunch stand was called a "Hamburger wagon on wheels." It was a room 8 feet by 10 feet or 10 feet by 12 feet in size, built on two axles, supported by four wheels of an automobile frame. It was so erected that it could be rolled and pulled on its wheels from place to place, and was used as a lunch stand in the city of Russellville. It belonged to the plaintiff. He had it in the garage of one McAllister, and it was being used by McAllister. There is evidence that plaintiff afterwards rented it to Aldridge Crowell, a 15 or 16 year old son of defendants. Aldridge moved it from McAllister's garage to the lot of defendants in the rear of their residence. One wheel broke down as he was moving it, and he placed bricks under that corner of it to hold it up after he located it on this lot of the defendants. Aldridge rented this lunch stand by the month, and moved it on the lot of the defendants without first securing their permission. He paid plaintiff rent for it for either one or two months, the sum of $3.50. Aldridge used this stand so located by him for about two months at this place. Then the father and mother of the boy notified the plaintiff in writing to move it off of the lot, the mother in her note demanding of him $5 for the time it had been on the lot vacant: The letter of the mother reads as follows:

"Mr. Gray: I had nothing to do with you and this child about this stand. You traded with him, and when he went out of it I notified you to take it off before I had to charge you rent. And you payed [paid] no attention to me, and he paid you for the time he used it and that was two months, and you said he only paid you for one; but he has the receipts, and now you will have to pay me for what time it has been here vacant, and that is $5.00.
"[Signed]           Mrs. W. R. Crowell."

The father's note reads as follows:

"Mr. Gray, I would like for you to move the stand away today, as I am going to have some work done on my lot, and it will have to be moved away."
"Respectfully,
"[Signed]           W. R. Crowell."

The attorney of plaintiff called on defendants to secure possession of the wagon for plaintiff. The wife refused to give up possession of it unless she was paid $4 or $5 for the use and occupation of the lot by the wagon. This suit was then commenced.

The plaintiff requested, and the court refused to give, the general affirmative charge with hypothesis in his favor. The charge was in writing.

[1] This room was on wheels for the purpose of being easily moved from one place to another. It was located at no particular place. It was not attached to the soil. It was rented by the month by the son of the defendants as personal property. It was used prior thereto by plaintiff as personal property. As the tenant rolled it from the garage to this lot of defendants, one wheel broke down; he then dragged it to the lot and to make it level placed a brick pillar under the corner where the wheel was broken. This did not change it from personal to real property. The entire evidence shows all the parties connected with this cause regarded is as personal property, and not as a part of the freehold. It was placed on this lot by the son of the defendants, and not by the plaintiff. The title to the wagon room was in plaintiff. This room on wheels under the undisputed evidence herein remained, and is personal property; and the court should have so instructed the jury. Section 2, Code of 1923; Clements v. Morton, 76 So. 306, 200 Ala. 390; Walker v. Tillis, 66 So. 54, 188 Ala. 313, L. R. A. 1915A, 654.

[2] The evidence without dispute shows that the plaintiff owned this property, the lessee had it by the month, had given it up and vacated it; the defendants were in possession of it; the plaintiff had the right to the immediate possession of it; and there was evidence of its value. This would give plaintiff the right to recover it (5 Michie Dig. p. 63, § 4, subject "detinue"; Starr Piano Co. v. Zavello, 102 So. 795, 212 Ala. 369; Whatley v. Taylor, 101 So. 590, 211 Ala. 655), unless the defendants have a lien on it for reasonable satisfaction for the use and occupation of the lot on which it was located by their son. (Section 4753, Code of 1907.) Section 8820, Code of 1923, is the same as section 4753, Code of 1907, except it has a new subdivision (section 5) added thereto. This suit was commenced on August 7, 1924, defendants were served with notice thereof on August 8, 1924, and the Code of 1923, containing this new subdivision 5 of section 8820 became operative on the 17th day of August, 1924. So we must determine from section 4753, Code of 1907, if the defendants had a lien on this room on wheels for reasonable satisfaction for the use and occupation of their lot. There is no evidence indicating the lot on which this room on wheels was located by the son of the defendants had ever been demised by deed or by parol and no specific sum agreed on as rent; so subdivision 1 of this statute has no application, and defendants can claim no lien on this property thereby. There is no evidence tending in any way to show the plaintiff had been let into possession of this lot upon a supposed sale of it, which from the act of the plaintiff has not been consummated; so defendants can claim no lien and reasonable compensation for the use and occupation of the lot under this subdivision 2 of this statute. There is no evidence indicating that plaintiff was a tenant of the defendants as to this lot—he

had no contract of tenancy with them—so the defendants can claim no lien on this property for reasonable satisfaction for its use and occupancy under this subdivision 3 of the statute. Subdivision 4 of this statute allows defendants reasonable satisfaction for the use and occupation of the lot, when the plaintiff has gone into possession of the lot unlawfully. There is no evidence that plaintiff went into possession of this lot. His property was rented to the son of defendants, and their son placed this property on this lot. There is no evidence that plaintiff was ever in possession of this lot. So defendants have no lien for reasonable satisfaction on this property of plaintiff under subdivision 4, of this statute. Section 4753, Code of 1907.

Under the undisputed facts, as shown by the record, there is no evidence indicating that a contract, expressed or implied, existed between plaintiff and defendants by which they have a lien on this property of plaintiff for reasonable satisfaction for the room on wheels being on their lot. It was placed there by their son and not by the plaintiff. It was never used there by the plaintiff. No facts are shown by the record giving defendants a lien on this property of plaintiff by operation of law on account of it being placed on their lot. Section 4753, Code of 1907; Crabtree v. Street, 76 So. 374, 200 Ala. 442; Crabtree v. Street, 79 So. 192, 201 Ala. 630.

It results that the court erred in refusing to give the general affirmative charge with hypothesis, requested by plaintiff in writing in his favor.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.