# Adams Machine Co. v. Interstate Building & Loan Ass'n.

### *Bill in Equity to Foreclose a Mortgage.*

1. *Conditional sale of chattels to be annexed to the freehold.*—A vendor of chattels, intended for annexation to the freehold, retaining in himself the title, and expressly stipulating that it is not to pass except upon the condition of full payment of the price by the vendee, the chattels having been, as was contemplated, annexed to the freehold, the condition remaining unperformed, can assert and maintain his title against a subsequent *bona fide* mortgagee of the vendee, upon a present consideration, without notice of the right and title of the vendor.

APPEAL from Gadsden City Court.

Tried before Hon. JOHN H. DISQUE.

The bill was filed by the appellee to foreclose a mortgage on real estate, made by respondent, A. B. Jones, and to enjoin the removal of certain fixtures alleged to have been conveyed by the mortgage. The property to which appellant claims title, retained on a conditional sale to Jones, consists of an engine, boiler, and hot water heater, with attachments, used in connection with and part of an electric light plant for lighting the buildings of a girls' boarding school. The appeal is taken

from a decree overruling appellant's demurrers, and a motion to dismiss the bill for want of equity as to appellant.

DORTCH & MARTIN, for appellant, cited, 80 Ala. 103; 83 Ala. 157; 24 N. J. Eq. 260; 57 Ala. 143; 100 Ala. 346-7; *Sumner v. Wood*, 67 Ala. 142; *Warren v. Liddell*, 20 So. 89; 15 So. 238, 830; 1 Benjamin on Sales, 461, p. 421.

O. R. HOOD, *contra*, cited, *Tillman v. Delacy*, 80 Ala. 105; *Lovenson v. Standard Soap Co.*, 13 Am. St. Rep. 147; 2 Am. & Eng. Encyc. of Law, 43; *Karkness v. Sears*, 24 Ala. 493; Jones on Chattel Mortgages, 130, and note 4; 8 Am. & Eng. Encyc. of Law, p. 61, and note 7; p. 56, and note 3, and authorities cited; Jones on Chattel Mortgages, 128, and authorities cited; *Tibbett v. Horne*, 23 Am. St. Rep. 31.

BRICKELL, C. J.—There is but a single question presented by this appeal, and that is, whether a vendor of chattels intended for annexation to the freehold, retaining in himself the title, and expressly stipulating that it is not to pass except upon the condition of full payment of the price by the vendee, the chattels having been, as was contemplated, annexed to the freehold, the condition remaining unperformed, can assert and maintain his title against a subsequent *bona fide* mortgagee of the vendee, upon a present consideration, without notice of the right and title of the vendor. The question has been of such frequent discussion and decision in this court, that controversy ought to be silenced, and we deem it necessary only to refer to the cases, extending through a period of near twenty years, which uphold the title of the vendor, and cast upon the subsequent mortgagee, the duty of inquiring and ascertaining for himself, as must every purchaser of chattels (statutes of registration not affording protection, nor providing otherwise), the title of the vendor or mortgagor.—*Fairbanks v. Eureka Company*, 67 Ala. 109; *Sumner v. Wood, Ib.* 139; *Harmon v. Goetter*, 87 Ala. 325; *Fields v. Williams*, 91 Ala. 502; *Boulden v. Organ Co.*, 92 Ala. 182; *Weinstein v. Freyer*, 93 Ala. 257; *Bingham v. Vandegrift, Ib.* 283; *Wood v. Holly Man. Co.*, 100 Ala. 351;

[Cole v. Propst Brothers.]

*Warren v. Liddell*, 110 Ala. 232. The last cited case is a full review of the authorities, and an elaborate and exhaustive discussion of the question in all its aspects. Opposing authority may be found elsewhere, but the courts of this State must be governed by this long line of decisions. We find no averment in the bill of any fact or facts taking the case without the operation of the principle.

The city court erred in overruling the demurrer and the motion to dismiss the bill for want of equity as to the appellant, and the decree must be reversed, the demurrer and motion to dismiss sustained, and as to the appellant the bill dismissed.

Reversed and remanded.