## C. W. TODD, Appellant, v. M. A. MONSEES and ADA MONSEES, Respondents.

Kansas City Court of Appeals, January 9, 1912.

BILLS AND NOTES: Failure of Consideration. A note, given as the purchase price of a cider mill which was in a building on a farm previously conveyed by the payee to a third party without reservation of the mill, is without consideration, as the payee had no title to the mill at the time of the execution of the note.

Appeal from Pettis Circuit Court.—*Hon. H. B. Shain*, Judge.

AFFIRMED.

Todd v. Monsees et al.

*Sangree & Bohling* for appellant.

(1) The court erred in refusing the appellant's peremptory instruction, and in giving the respondent's. Under the undisputed facts in the case the cider mill was the personal property of the apppellant when he sold it to the respondents. Pile v. Holloway, 129 Mo. App. 593; Hines v. Ament, 43 Mo. 298; Fuller v. Tabor, 39 Main 519. (2) The court erred in refusing appellant's fourth instruction. Appellant performed his part of the contract, and the Statute of Frauds did not further apply. McConnell v. Brayner, 633 Mo. 461; Bless v. Jenkins, 129 Mo. 674; Cape Girardeau and C. R. Co. v. Wingerter (124 Mo. App. 426; Hedden v. Schueblin, 126 Mo. App. 478.

*Hoffman & Hoffman* for respondents.

(1) The attempted sale of the press and mill by appellant Todd to Monsees, was void: First. Because at the time of said sale, appellant had no title to said press and mill, for the reason that appellant had six weeks prior thereto, by deed conveyed and sold the same to Beulah B. Yancey without any reservation. Second. Because said sale being verbal was in violation of the Statute of Frauds. See Revised Statutes 1909, section 2783. It was admittedly real estate and therefore lies in grant only and could be transferred only by the formalities essential to a conveyance of land. Mine LaMotte Lead & S. Co. v. White, 106 Mo. App. 222, and cases cited. Not even the payment of the purchase price would take it out of the Statute of Frauds. Bean v. Valle, 2 Mo. 103. (2) The deed from appellant to Beulah B. Yancey, which contains no reservation conveyed the title to the mill to her absolutely and is not subject to reservation or limitation engrafted thereon by parol evidence of intentions, agreements, contradictory or at variance with the clear language of the deed. Cyc., vol. 20, page 620,

note 4; Hickman v. Hickman, 55 Mo. App. 303; Smith
v. Adams, 63 Ga. 499; 3 Washburn Real Property (3
Ed.), 338. (4) Neither Dr. Yancey, or any other per-
son, ever even suggested to Monsees, that if he were
not to remove the mill in a certain time, he would lose
all right, title or interest in it. There can be no estop-
pel when there is a mistake of either law or fact on
the part of the party sought to be estopped, and there
can be no estoppel, unless what was said or done, or
left undone by one party has influenced the conduct of
the other. Eitelberger v. Assn., 69 Mo. 52; Deposit
Co. v. Kennett Estate, 101 Mo. App. 370, and cases
cited; Garreshe v. Co., 146 Mo. 436; Acton v. Dooley,
74 Mo. 63.

BROADDUS, P. J.—This is a suit on a promis-
sory note for one hundred dollars executed by defend-
ants on March 20, 1909, and payable to plaintiff ten
months after date. The defendants admitted the exe-
cution of the note and pleaded failure of consideration.

The evidence showed that the note was given as
the purchase price of a certain cider mill; that it was
located in a building on a farm that at one time had
belonged to the father of the plaintiff, John Todd,
from whom it was purchased by the plaintiff and his
brother; that the plaintiff had purchased his brother's
half interest in the mill and paid him fifty dollars for
it; that prior to the execution of the note and sale of
the mill to the defendants plaintiff and his brother
had sold and conveyed the farm to Mrs. Beulah B.
Yancey, without any reservation of the cider mill; that
Mrs. Yancey and her husband afterwards sold and
conveyed the farm to John Bradford without reserva-
tion of the mill; that Yancey, before he and his wife
sold to Bradford, told defendants to take the mill off
the place as he did not want it there, but that they
failed to do so; and that they afterwards demanded it
from Bradford who refused their demand on the

Todd v. Monsees et al.

ground that it passed to him without reservation in the deed of conveyance from the Yanceys.

The plaintiff asked the court upon the pleadings and proof to direct a verdict in its favor which request the court refused, but at the request of defendants directed the jury to return a verdict for the defendants. The jury returned their verdict accordingly. Plaintiff appealed from the judgment.

The appellant's contention is that the mill was personal property and passed to defendants by the verbal contract. Fixtures are personalty when so treated by all parties. [Pile v. Holloway, 129 Mo. App. 593.] ''A building or other fixture which is ordinarily a part of the realty is held to be personal property when placed on the land of another by contract or consent of the owner.'' [Hines v. Ament, 43 Mo. 298.] But the trouble with appellant's case is that notwithstanding appellant, C. W. Todd, and his brother treated the mill as personal property, it not having been detached, the title to it passed to Mrs. Yancey by their conveyance before the sale to the respondents without reservation. And the mere fact that the Yanceys were willing to so treat it can make no difference as they treated it as a part of the realty when they conveyed it to Bradford without reservation. Besides, the appellant had no title at the time he contracted to sell to respondents as he had already conveyed it to Mrs. Yancey at that time. It seems to us a plain question of law. Judgment affirmed. All concur.