# Cochrane *v.* McDermott Advertising Agency.

*Assumpsit.*

(Decided November 12, 1912. 60 South. 421.)

1. *Fixtures; Billboard.*—Under the general rule that whatever becomes annexed or attached in fact to the freehold is presumed to be a part of it, a billboard annexed to the land in the nature of a fence for the purpose of posting advertising bills and posters prima facie constitutes a part of the freehold and passes with the alienation of the land.

2. *Same; Covenant; Running With Land; Agreement as to Fixtures.*—An agreement that a fixture which would otherwise be part of the realty may be severed and become a personal chattel, when known only to the parties making it, is not "a covenant real running with the land."

3. *Same; Right of Third Person.*—An agreement between the parties by which a fixture, prima facie a part of the realty, may be severed and made a personal chattel, is enforcable; but where such agreement is known only to the parties making it, it is a personal covenant affecting only the covenantor and is res inter alios acta as to a subsequent purchaser without notice.

APPEAL from Mobile Law and Equity Court.

Heard before Hon. SAFFOLD BERNEY.

Assumpsit and trover by the McDermott Advertising Agency against John T. Cochrane. Judgment for plaintiff and defendant appeals. Reversed and remanded.

INGE & ARMBRECHT, for appellant. Construing counts 2 and 3 most favorably to the pleader it must be inferred that the property alleged to have been converted or taken was a part of the freehold and not subject to an action of trover.—*Thweatt v. Stamn*, 67 Ala. 96; *Wentz v. Fincher*, 55 Ala. Dec. 416. The question really at issue was the legal ownership of the bill board, and under the facts in this case the defendant was an innocent purchaser for value without notice, and hence, plaintiff acquired no right superior to him by virtue of any understanding with defendant's vendor which was not a covenant running with the land.—12 A. & E. Enc. of Law, 1059; 31 Ia. 138; 75 Am. Dec. 136; 68 Am. Dec. 381; 36 Am. Dec. 556.

WEBB & MCALPINE, for appellee. Under the agreement with Lowenstein the billboards were personalty, and hence, no title passed to Cochrane under the purchase of the land, and hence, trover would lie.—*Harris v. Powers*, 57 Ala. 139, and authorities there cited. The defense of an innocent purchaser for value without notice is not available in a trover action.—*Milner, et al. v. DeLoach Co.*, 139 Ala. 650.

PELHAM, J.—Appellees in the court below filed suit declaring in different counts of the complaint on account and in trover. The second and third counts of the complaint, after demurrers had been sustained to them, were amended, and as amended read as follows:

"(2) The plaintiffs claim of the defendant the sum of three hundred dollars ($300.00) as the value of two

billboards, the property of the plaintiffs, which were appropriated by the defendant to his own use on, to wit, June 25, 1911, but not paid for by him, together with interest since, to wit, June 25, 1911, which sums of money, and interest, are due and unpaid.

"(3) The plaintiffs claim of the defendant the said sum of three hundred ($300.00) as damages, for that heretofore, on, to wit, the 25th day of June, 1911, the defendant, without the consent of the plaintiffs, destroyed and appropriated to his own use two billboards, the property of plaintiffs, then located at or near the northwest corner of Espejo and Government streets, in Mobile, Alabama. And plaintiffs claim interest upon the said sum of three hundred dollars since to wit, June 25, 1911, which sums of money, and interest, are due and unpaid."

The appellant filed pleas of the general issue and two special pleas to counts 2 and 3 of the complaint. The special pleas as amended, being designated A and B, are as follows:

"(A) The defendant, on the 11th day of July, 1910, received from Sidney Lowenstein and Clara Lowenstein, his wife, warranty deed conveying to him real property in the city and county of Mobile, Alabama, described as follows: That certain lot of land beginning at the northwest corner of Government and Espejo streets; thence running westwardly along the north side of Government street one hundred fourteen (114) feet to a point; thence north and parallel with Espejo street one hundred fifty-three (153) feet to the place of beginning, said measurements being more or less. And defendant says that at the time of making said deed from the said Sidney Lowenstein and wife to the defendant the said Sidney Lowenstein was in possession of the property conveyed, and since that time defendant has been in

possession of said property, and claiming to own the same. And defendant further says that the billboards allleged in said count to be appropriated by the defendant were in front or on the street line of said property and attached to, and formed a part of, the property purchased, and under and by the deed aforesaid became the property of the defendant.

"(B) The defendant further says that the two billboards plaintiffs allege defendant appropriated were located on the street line of property purchased by defendant from Sidney Lowenstein and Clara Lowenstein on July 11, 1910, at or near the northwest corner of Espejo and Government streets in Mobile, Alabama, under warranty deed; and defendant says that at the time of and before said conveyance Sidney Lowenstein and wife were in possession of said property, and after the conveyance defendant has been in possession of the property; and defendant further avers that the billboards in question were attached to and formed a part of the realty, and were not excepted from the property conveyed, and defendant knew nothing of any interest plaintiff had in same, and that same is the property of the defendant."

To these special pleas A and B the appellees filed the following replication: "(1) That for some months prior to the 11th day of July, 1910, and down to the time of the purchase by the defendant of the land mentioned in said pleas, the plaintiffs had a subsisting agreement with the said Sidney Lowenstein, by the terms of which the plaintiffs were permitted to erect the said billboards upon said property, and were given the privilege of removing the said billboards at any time."

Two sets of demurrers were interposed by the appellant to the replication, and these demurrers were overruled by the court. It is the rulings of the court on

these demurrers that are principally insisted upon as error, and that present, in its broadest sense, the main question involved in the suit.

The issue made by the special pleading was, in substance and effect, a right of recovery in trover, asserted by the appellees as plaintiffs, for the appropriation of certain billboards by the appellant, to which the appellant, as defendant, answered by pleas setting up ownership of the property in himself, derived through purchase of the freehold, and alleging the property to be a fixture which formed a part of the freehold purchased by him without notice of any interest in the plaintiffs. To this defense the plaintiffs replied that they had a subsisting agreement with the former owner of the freehold, who sold to appellants, by the terms of which appellees were permitted to erect the billboards on the property with the privilege of removal.

A billboard, which we know in ordinary language refers to an erection annexed to the land, in the nature of a fence, for the posting advertising bills and posters, would ordinarily and generally speaking prima facie constitute a part of the freehold and pass with an alienation of the land.—12 Am. & Eng. Enc. Law (2d Ed.) p. 1059; *Wheeler v. State,* 109 Ala. 56, 19 South. 933. For it is a general rule of law that whatever is annexed or attached in fact to the freehold is presumed to be a part of the freehold. That articles affixed to land in fact, although only slightly, are prima facie realty, is stated in the text of Cyc. to be the true rule.—19 Cyc. p. 1036.

A fixture which would otherwise be a part of the realty may, by agreement, as between the parties, be severed and become a personal chattel; and under the allegations of the pleadings in this case, as between the appellees and the former owner, Lowenstein, who

sold to the appellant, the billboards could have been recovered in an action of trover as a personal chattel.— *Harris v. Powers,* 57 Ala. 139. But such an agreement, made between and known only to the parties, would not be a covenant real running with the land, but rather a personal covenant affecting only the covenantor, and res inter alios acta as to a subsequent grantee who purchased without knowledge or notice of the personal covenant of his grantor with a third party. "Res inter alios acta alteri nocere non debet."—Co. Litt 132; Broom, Max. 954, 967.

The prima facie intendment that the fixture is part of the freehold and passes with the alienation may be overcome by proof that takes the case out of the general rule; but where one buys the freehold, and, in answer to a suit seeking to recover a fixture that under the general rule passed with the ownership, sets up the defense that he owns the land and purchased it without notice or knowledge of any claim or interest in the fixture, it is no answer to this defense to reply only that the plaintiff had an agreement with the former owner of the land, by the terms of which the fixture was not to be considered and treated as a part of the freehold, and not in any way traverse the allegation set up as a defense by the subsequent owner of the fee, who is sued, that he purchased the land without notice or knowledge of the agreement, or of any interest in the fixture by the plaintiff. If the purchaser had anything reasonably calculated to put him on notice, that would be a different matter; but that is not the question presented for our consideration on this appeal.

To hold otherwise than we have would be an invitation to fraudulent transactions under the protection of the law. For if the rule we have stated is not the proper rule then the owner of land with valuable improvements

on it, such even as an expensively built house on a city lot, might with impunity secretly sell the house under an agreement with one party that it should be severed from the freehold, and it would not then pass with the alienation of the freehold when the owner subsequently sold the land or lot to another, who bought in good faith, moved principally in the consideration paid by the value of the house, and believing that he was purchasing the house as a fixture that passed, under the general rule, with the alienation of the land. If the rule we have stated is not correct, then this purchaser, who bought under the circumstances stated, could not defeat a suit for the recovery of the house as a chattel that did not pass with the title to the realty, although he had no notice or knowledge of the agreement between his vendor and the third party to sever the fixture from the freehold, and nothing to put him on notice, or that would cause inquiry that would lead to notice or knowledge. Nor could the purchaser, in such a case, protect himself by an examination of the title, or by any reasonable inquiry. A rule that would authorize such transactions and invite fraud under the protection of the law is not to be seriously considered with any favor.

The appellee argues in brief that there was evidence of notice or knowledge upon the part of the appellant that the billboards were not fixtures belonging to the owner of the land from whom he purchased, but this is not to be considered in passing on the assignment of error attacking the action of the court in passing on the sufficiency of the issue tendered by the plaintiff's replication as tested by the demurrer interposed to it. Only the pleadings themselves may be looked to for this purpose, where, as here, no question of error without injury enters the consideration.

The court was in error in overruling the demurrers to the replication, and the assignments of error are also well taken that are based on portions of the oral charge, to which exceptions were reserved, that are not in harmony with what we have said in this opinion, and instructed that a recovery could be had by plaintiffs, notwithstanding the proof by defendant of his pleas, if the allegations of the replication were proven to the satisfaction of the jury.

The rule of law that we have announced as applicable to the principal question presented in this case finds support in the recent cases of *Todd v. Monsees et al.,* 160 Mo. App. 310, 142 S. W. 743, and *Fulp & Linville v. Kernersville Light & Power Co.,* 157 N. C. 157, 72 S. E. 867, and pointedly so in the case of *Landon v. Platt,* 34 Conn. 517.

Reversed and remanded.