26 So.2d 629

**TOLAR v. BURKETT et al.**

4 Div. 945.

Court of Appeals of Alabama.
June 18, 1946.

Wm. C. Rayburn, of Guntersville, for appellant.

Wm. N. McQueen, Atty. Gen., for the State.

J. N. Mullins, of Dothan, for appellant.

Lee & Lee, Alto V. Lee, III, and James L. Tindell, all of Dothan, for appellees.

**BRICKEN, Presiding Judge.**

Appellees brought their suit in the Circuit Court of Houston County, Alabama, against L. Y. Tolar, claiming of him $124 for the alleged conversion by him of five rolls of fence wire and one hundred seventy-one fence posts and seventeen pieces of shrubbery, as alleged in count one of the complaint.

In count two of said complaint, plaintiffs claimed of defendant $124 as damages for the wrongful taking by the defendant of said wire, fence posts and shrubbery.

In each of the above counts of said complaint, the plaintiffs claimed of the defendant the other and further sum of $6 for rent of certain house and lot.

The defendant filed demurrers to the complaint, which were overruled by the trial court. The case was tried in the court below before a jury and on August 14, 1945, said jury returned a verdict in favor of the plaintiffs for the sum of $50 as damages, etc. Upon said jury verdict, the trial court rendered a judgment for the plaintiffs and against the defendant for $50 damages and for all cost that had accrued in said case.

On September 11, 1945, the defendant filed his motion for a new trial, which was duly continued and finally set down for hearing on October 3, 1945, on which day the trial court rendered judgment overruling and denying said motion, to which judgment the defendant duly and legally excepted.

This appeal is from the judgment of the trial court awarding damages to plaintiff and also from the judgment of that court overruling and denying defendant's motion for a new trial.

The appellant presents for our consideration, three assignments of error upon this record, viz.:

(a) The refusal of the trial court to give the general charge requested by defendant in writing as to the first count of plaintiffs' complaint;

(b) The refusal of the trial court to give the general charge requested by defendant in writing as to the second count of said complaint;

(c) The refusal of the trial court to grant defendant's motion for a new trial.

Under the facts in this case, and under the law applicable to said facts, the three assignments of error may be properly considered together.

In the year, 1932, and prior to that year, a five-acre tract of land located in what is now Houston County, Alabama, and known as the "S. W. Burkett Home-place," was owned by and in the possession of S. W. Burkett, who in January, 1932, rented said real estate to L. Y. Tolar, the defendant. The defendant went into possession of said property as a tenant of Mr. S. W. Burkett. While the defendant was occupying said realty as a tenant, the said S. W. Burkett died, and thereafter the defendant continued to rent said real estate "through the estate of "S. W. Burkett, deceased, and Mrs. Lillie B. Burkett, widow of the said S. W. Burkett, and probably from the plaintiffs down to the first day of January, 1944. The defendant built a wire fence on, or around the premises, and Mrs. Tolar, his wife, planted shrubbery about the residence during the tenancy. When the defendant removed from said premises, he had the wire fence, (fence wire and fence posts), removed from the Burkett premises and Mrs. Tolar, his wife, had the shrubbery dug up and removed therefrom, for which according to plaintiffs' testimony, the refendant was responsible.

Upon the trial of the case the plaintiffs introduced in evidence a certain deed, executed on October 16, 1943, by Brunice Burkett Katsonas and husband, Mary Lucy Burkett Garrett and husband, and Maggie Burkett, an unmarried woman, to Trixie Burkett and Carr Buckett, the plaintiffs, conveying to them, with general covenants of warranty, the real estate above mentioned and upon which the defendant had built said wire fence and upon which also Mrs. Tolar had planted said shrubbery.

In the case of Wheeler v. State, 109 Ala. 56, 19 So. 993, 994, our Supreme Court, (Brickell, C. J.), said: "A fence, whether there be a permanent annexation to the soil, or if it be of rails so arranged as to constitute an inclosure, is a fixture,—a part of the land, and passing with the freehold."

Arbor vitae and other similar evergreens, commonly called shrubbery, are small trees planted about residences for ornamental purposes. They are dependent upon the soil in which they are placed for their very existence, as well as for their growth, and are, of course a part of the realty in which they live and grow, and they likewise pass under a conveyance of the land. Cochrane v. McDermott Advertising Agency, 6 Ala.App. 121, 60 So. 421.

The plaintiffs upon the trial of the case introduced testimony tending to show that they purchased the land involved in this case on October 16, 1943, without any reservations whatever, and without any notice that Mr. Tolar claimed any right to or interest in the fences on said property, or that Mrs. Tolar, defendant's wife, claimed the shrubbery. The plaintiffs further introduced testimony tending to show that before the termination of the tenancy under which the defendant was occupying said premises, the plaintiffs gave said defendant personal notice that they had purchased said real estate and wanted its possession at the end of the year; that the defendant after this notice had the fences on said property taken down and removed and that certain shrubbery on said premises had been dug up and removed for which last removal plaintiffs' testimony tended to show that the defendant had assumed responsibility. The plaintiffs also introduced testimony tending to prove the value of the fence wire, fence posts and shrubbery removed from plaintiffs' prem-

ises by the defendant, or under his direction and responsibility.

The defendant did not deny that he had the fence on plaintiffs' premises torn down and removed, nor did he question the value of said fence and fence posts as testified to by plaintiffs' witnesses. He did deny removing the shrubbery, but he did not deny that he had stated to Mr. T. L. Stapleton, in substance,—"That his (Mr. Tolar's) wife moved the shrubbery there from the Trixie Burkett and Carr Burkett place, but that he (the defendant) was responsible for it."

The defendant did not file any special pleas but he testified in his own behalf, and also corroborated his own testimony by the testimony of other witnesses which tended to show, in substance, that in July or August, 1934,—"Mr. Tolar asked Mrs. Burkett (Lillie V. Burkett) about getting some wire to fence the place and she said she couldn't put out anything on the fence, and he said, well, what about if I buy some wire and posts and put a fence around the patches, will it be all right, to move it when I get ready to move, and she said, that's all right, you are plum welcome to put them around there and when you get ready to move, they are yours and you can take them up and move them."

■ It is the law of this State that a fixture, which ordinarily is a part of the land, may by agreement between the parties, be severed from the land and become a personal chattel. Harris v. Powers, 57 Ala. 139; Cochrane v. McDermott Advertising Agency, supra.

■ With respect to an agreement that a specified fixture might be severed from the land and sold or removed as a personal chattel, the court (Pelham, J.), said in the Cochrane case, supra [6 Ala.App. 121, 60 So. 423],—"But such an agreement, made between and known only to the parties, would not be a covenant real running with the land, but rather a personal covenant affecting only the covenantor, and res inter alios acta as to a subsequent grantee who purchased without knowledge or notice of the personal covenant * * * with a third party."

There is no proof in this record, either directly or by reasonable inference that Brunice Burkett Katsonas, Mary Lucy Burkett Garrett and Maggie Burkett, the grantors to plaintiffs of the real estate from which the defendant severed and removed the fencing and shrubbery, or caused the same to be severed and removed, or that plaintiffs themselves had any notice or knowledge of any agreement by which the defendant was authorized to tear down the fences, and to dig up the shrubbery on the real estate rented by the defendant from them. Indeed there is no claim that the shrubbery was planted on these premises under any kind of an agreement that they might subsequently be removed.

■ The evidence for plaintiffs tended to show that when plaintiffs gave the defendant personal notice that they had purchased the property, he did not then claim that he had any right or agreement to take the fence down and remove it and to dig up and remove the shrubbery; he then denied that the plaintiffs had a deed to the property, but when he vacated the premises, and after his removal therefrom and after the fence and shrubbery had all been removed, he then told plaintiffs that he had the right under a verbal agreement with Mrs. Burkett to take the fence down and remove it; that it belonged to him, and that if they wanted compensation, they would have to call on their grantors. But the grantors in the conveyance to plaintiffs were not bound by the agreement unless they had notice of its terms, and the evidence fails to show notice and knowledge to either of them.

■ The defendant introduced evidence tending to show that he made an agreement with Mrs. Burkett in July or August, 1934, under which he could then build a fence and remove it when he pleased. The defendant did not get any wire until the year, 1935, and the only time specified and definitely shown when he began to build the fence was in 1938. Under the testimony and in view of its indefinite and conflicting phases, it cannot reasonably be said that at the time the defendant built the fence in question he did so under a then existing definite and legal verbal agreement with Mrs. Burkett to the effect that he could build and remove the fence at his pleasure. Nor can it be said

reasonably, that at the time said fence was built by the defendant there then existed a valid, legal and binding agreement between him and Mrs. Burkett to the effect that after the fence was built it could be subsequently severed from the land and moved therefrom as a personal chattel of the defendant.

The learned trial judge gave the jury a comprehensive charge upon the law of the case. He explained to them fully under what condition they might find for the plaintiffs and also under what condition they might find for the defendant. The jury after hearing the court's charge and after hearing the argument of counsel, upon the law and facts of the case, returned a verdict for the plaintiffs in the modest sum of $50. The trial judge upon the motion for a new trial refused to disturb that verdict. He saw the witnesses as they testified, and observed their demeanor and appearance while testifying, thus giving him a great advantage over the members of this court with respect to the value and sufficiency of the evidence. This court does not feel inclined to disturb the judgment of the trial court upon the motion for a new trial, nor does this court think that it would be justified in disturbing the judgment of the trial court upon said motion.

The judgment of the trial court is due to be and the same is hereby affirmed.

Affirmed.