74 So.2d 496

**MOBILE CAB & BAGGAGE COMPANY, Inc.**

v.

**The TEXAS COMPANY.**

1 Div. 653.

Court of Appeals of Alabama.

April 7, 1953.

Rehearing Denied April 28, 1953.

Affirmed on Mandate Aug. 31, 1954.

Vincent F. Kilborn, Mobile, for appellant.

Pillans, Reams, Tappan, Wood & Roberts and Walter Lee, Mobile, for appellee.

**CARR, Presiding Judge.**

This is an appeal from a judgment in the court below rendered in favor of the Texas Company to recover of the Mobile Cab and Baggage Company a gasoline pump and two gasoline tanks.

The issues relating to the pleading are posed by the complaint, defendant's plea number 3, and plaintiff's replication number 2.

The indicated plea is:

"The Defendant is the owner of the property known as 107 Elmira Street in the City and County of Mobile, Alabama, and purchased the same from Mercury Freight Lines, a co-partnership composed of J. H. Anderson and D. J. Sharron, by a Warranty Deed dated October 26, 1950, said deed being recorded in the Office of the Judge of Probate of Mobile County, Alabama, on the 2nd day of November, 1950, in Deed Book 515, page 40, for a consideration of $20,000.00. At the time of the above conveyance the aforesaid grantor was in actual possession of the aforesaid property, and was seized of the legal title to the aforesaid real property. The property sued for in the complaint constituted at the time of the aforesaid conveyance and constitutes now a part of the realty known as 107 Elmira Street, in that items (1) and (2) sought to be recovered in the plaintiff's complaint were at the time of the said conveyance and are now buried under the surface of the ground and Item (3) sought to be recovered in the plaintiff's complaint was at the time of the said conveyance (sic) and is now affixed permanently to a concrete slab, which itself is partially buried under the surface of the ground, said item (3) being connected with items (1) and (2) by pipes, which said pipes are buried under the surface of the ground. The defendant purchased the aforesaid real property in good faith without notice of any equity or claim on the part of the plaintiff in any part of the real property."

The substance and pertinent parts of the replication are:

The plaintiff entered into a lease of equipment agreement with the Mercury Freight Lines, by the terms of which the property in question was leased by the appellee to said company to be used on said premises for the storage and sale of petroleum products purchased solely from the Texas Company, said equipment to be returned to the lessor at the termination of the agreement.

The replication alleges that plaintiff has not parted with its title to the said equipment and that the lessee has not redelivered the property to the lessor.

The court overruled appropriate demurrers to the replication and this ruling is presented as one of the questions for our review.

It will be noted that the plea alleges that the property sued for "constituted at the time of the aforesaid conveyance and constitutes now a part of the realty known as 107 Elmira Street."

In its replication the plaintiff did not deny or traverse this allegation, but sought to avoid its force and effect by pleading the equipment lease agreement.

In reviewing the sufficiency of the issue tendered by the plaintiff's replication as tested by the demurrers interposed to it, we must conclude that the allegations of the plea were confessed and look to the effect of the lease as an avoidance.

A very analogous situation was before this court for review in the case of Cochrane v. McDermott Advertising Agency, 6 Ala.App. 121, 60 So. 421, 422. Judge Pel-

ham, writing for this court, stated the issue as follows:

"The issue made by the special pleading was, in substance and effect, a right of recovery in trover, asserted by the appellees as plaintiffs, for the appropriation of certain billboards by the appellant, to which the appellant, as defendant, answered by pleas setting up ownership of the property in himself, derived through purchase of the freehold, and alleging the property to be a fixture which formed part of the freehold purchased by him without notice of any interest in the plaintiffs. To this defense the plaintiffs replied that they had a subsisting agreement with the former owner of the freehold, who sold to appellants, by the terms of which appellants were permitted to erect the billboards on the property with the privilege of removal."

In response the court held in effect that it was not a defense to the plea to reply by replication only that the plaintiff had an agreement with the former owner of the land, by the provisions and terms of which the fixture was not to become a part of the realty.

If this holding is sound, and we think it is, we find no escape from the conclusion that the court erred in overruling the demurrers to the replication.

This seems to be the view of the authorities in most other jurisdictions. See annotations in 13 A.L.R., pp. 448–454; 73 A.L.R., pp. 748–752.

The appellee urges in brief that there was evidence of notice or at least proof of facts which if followed up would have acquainted the appellant with the existence of the equipment lease agreement. Be this as it may, this cannot be considered by us in reviewing the assignment of error predicating the action of the court in overruling the demurrers to the replication.

There are other questions presented for our review, but we will not discuss them.

The judgment below is ordered reversed and the cause remanded.

Reversed and remanded.

PER CURIAM.

Affirmed on authority of Mobile Cab & Baggage Co. Inc. v. Texas Co., 261 Ala. 242, 74 So.2d 498.