74 So.2d 498

**MOBILE CAB AND BAGGAGE COMPANY, Inc.**

**v.**

**The TEXAS COMPANY.**

**1 Div. 560.**

Supreme Court of Alabama.

June 30, 1954.

Pillans, Reams, Tappan, Wood & Roberts, and Walter G. Lee, Mobile, for petitioner.

Vincent F. Kilborn, Mobile, opposed.

GOODWYN, Justice.

We granted certiorari to review the judgment and decision of the court of appeals in the case of Mobile Cab & Baggage Co. v. Texas Company, 74 So.2d 496.[1] In so doing, we were principally concerned with what appeared to be a conflict between the holding in the case of Cochrane v. McDermott Advertising Agency, 1912, 6 Ala.App. 121, 60 So. 421, relied on by the Court of Appeals, and the holding of this court in Adams Machine Co. v. Interstate Building & Loan Ass'n, 1898, 119 Ala. 97, 24 So. 857. On full consideration of the question, after receipt of helpful briefs of counsel, we have concluded that the principles approved in those cases are in conflict, and that the law of the Adams Machine Co. case is the law of this state. We proceed to a discussion of the case as it comes to us for review:

The Texas Company, plaintiff, brought an action in detinue against the Cab Company, defendant, to recover a gasoline pump and two underground gasoline tanks. Judgment was in favor of the plaintiff. The Court of Appeals reversed the judgment, holding that error was committed in overruling defendant's demurrer to plaintiff's replication no. 2 to defendant's plea no. 3. That is the only point discussed in the Court of Appeals' opinion and, as a consequence, is the only point presented to us for review.

The opinion of the Court of Appeals states the case as follows:

"The issues relating to the pleading are posed by the complaint, defendant's plea number 3, and plaintiff's replication number 2.

"The indicated plea is:

" 'The Defendant is the owner of the property known as 107 Elmira Street in the City and County of Mobile, Alabama, and purchased the same from Mercury Freight Lines, a copartnership composed of J. H. Anderson and D. J. Sharron, by a Warranty Deed dated October 26, 1950, said deed being recorded in the Office of the Judge of Probate of Mobile County, Alabama, on the 2nd day of November, 1950, in Deed Book 515, page 40, for a consideration of $20,000.00. At the time of the above conveyance the aforesaid grantor was in actual possession of the aforesaid property, and was seized of the legal title to the aforesaid real property. The property sued for in the complaint constituted at the time of the aforesaid conveyance and constitutes now a part of the realty known as 107 Elmira Street, in that items (1) and (2) sought to be recovered in the plaintiff's complaint were at the time of the said conveyance and are now buried under the surface of the ground and Item (3) sought to be recovered in the plaintiff's complaint was at the time of the said conveyance (sic) and is now affixed permanently to a concrete slab, which itself is partially buried under the surface of the ground, said item (3) being connected with items (1) and (2) by pipes, which said pipes are buried under the surface of the ground. The defendant purchased the aforesaid real property in good faith without notice of any equity or claim on the part of the plaintiff in any part of the real property.'

"The substance and pertinent parts of the replication are:

"The plaintiff entered into a lease of equipment agreement with the Mercury Freight Lines, by the terms of which the property in question was leased by the appellee to said company to be used on said premises for the storage and sale of petroleum products purchased solely from The Texas Company, said equipment to be returned to the lessor at the termination of the agreement.

"The replication alleges that plaintiff has not parted with its title to the said equipment and that the lessee has not redelivered the property to the lessor.

"The court overruled appropriate demurrers to the replication and this ruling is presented as one of the questions for our review.

"It will be noted that the plea alleges that the property sued for 'constituted at the time of the aforesaid conveyance and constitutes now a part of the realty known as 107 Elmira Street.'

"In its replication the plaintiff did not deny or traverse this allegation, but sought to avoid its force and effect by pleading the equipment lease agreement.

"In reviewing the sufficiency of the issue tendered by the plaintiff's replication as tested by the demurrers interposed to it, we must conclude that the allegations of the plea were confessed and look to the effect of the lease as an avoidance.

"A very analogous situation was before this court for review in the case of Cochrane v. McDermott Advertising Agency, 6 Ala.App. 121, 60 So. 421, 422. Judge Pelham, writing for this court, stated the issue as follows:

" 'The issue made by the special pleading was, in substance and effect, a right of recovery in trover, asserted by the appellees as plaintiffs, for the appropriation of certain billboards by the appellant, to which the appellant, as defendant, answered by pleas setting up ownership of the property in himself, derived through purchase of the freehold, and alleging the property to be a fixture which formed part of the freehold purchased by him without notice of any interest in the plaintiffs. To this defense the plaintiffs replied that they had a subsisting agreement with the former owner of the freehold, who sold to appellants, by the terms of which appellees were permitted to erect the billboards on the property with the privilege of removal.'

"In response the court held in effect that it was not a defense to the plea to reply by replication only that the plaintiff had an agreement with the former owner of the land, by the provisions and terms of which the fixture was not to become a part of the realty.

"If this holding is sound, and we think it is, we find no escape from the conclusion that the court erred in overruling the demurrers to the replication.

"This seems to be the view of the authorities in most other jurisdictions. See annotations in 13 A.L.R., pp. 448–454; 73 A.L.R., pp. 748–752."

The specific question presented is whether a lessor of chattels, intended by both the lessor and lessee for annexation to the freehold, but with an agreement for return of the chattels to the lessor at the termination of the lease agreement, the chattels being annexed to the freehold, as was contemplated, can assert and maintain his title against a subsequent bona fide purchaser of the freehold, upon a present consideration, without notice of the right and title of the lessor.

We here note that the Adams Machine Co. case, supra, was not mentioned or discussed in either the Cochrane case, supra, or in the opinion now under review.

To avoid any confusion, we make it clear that the applicability of any of the recording statutes, Code 1940, Tit. 47, §§ 120–132, is not here presented.

The answer to the posed question, we think, is found in the pronouncement of this court in the Adams Machine Co. case, supra [119 Ala. 97, 24 So. 858]. In that case a bill was filed by the Loan Association to foreclose a mortgage on real estate made by one Jones, and to enjoin the removal by the Adams Machine Company of an engine, boiler and hot water heater, with attachments, used in connection with and as part of an electric light plant for lighting the building of a girls' boarding school, which were alleged to have been conveyed by the mortgage. Adams Machine Company claimed title to these fixtures under a conditional sales agreement with Jones. This court, speaking through Chief Justice Brickell, said:

"There is but a single question presented by this appeal, and that is whether a vendor of chattels intended for annexation to the freehold, retaining in himself the title, and expressly stipulating that it is not to pass except upon the condition of full payment of the price by the vendee, the chattels having been, as was contemplated, annexed to the freehold, the condition remaining unperformed, can assert and maintain his title against a subsequent bona fide mortgagee of the vendee, upon a present consideration, without notice of the right and title of the vendor. The question has been of such frequent discussion and decision in this court that controversy ought to be silenced, and we deem it necessary only to refer to the cases, extending through a period of near 20 years, which uphold the title of the vendor, and cast upon the subsequent mortgagee, the duty of inquiring and ascertaining for himself, as must every purchaser of chattels (statutes of registration not affording protection nor providing otherwise), the title of the vendor or mortgagor. * * * Opposing authority may be found elsewhere, but the courts of this state must be governed by this long line of decisions. We find no averment in the bill of any fact or facts taking the case without the operation of the principle."

We see no reason why this principle, as applied to the holder of title under a conditional sales agreement, should not be equally, if not more, applicable to a lessor who, under the express terms of the lease agreement, never intended that title should pass to the lessee.

We have gone to the original record in the Adams Machine Co. case, and find that the real estate mortgage there sought to be foreclosed was, as indicated in the opinion, executed subsequent to the retention of title agreement and annexation of the machinery and equipment. Accordingly, no question was there presented with respect to chattels annexed to realty becoming subject to a prior mortgage on the land. It was thus alleged in the bill there being considered:

"* * * that the said W. T. Adams' Machine Company failed to have said instrument of writing recorded in the office of the Judge of Probate of Etowah County, Alabama; * * * that at the time of the making of said loan [referring to the loan secured by the mortgage sought to be foreclosed], your Orator had no notice of the retention of the title to said engine, boiler and hot water heater, by the W. T. Adams' Machine Company, or any one else, or the retention of a lien on the same by said Company or any one else, and that your Orator knew of no fact here calculated to put it on inquiry as to said retention of title or lien, at the time of making said loan of twelve thousand dollars or taking said mortgage, and that your Orator never knew of said retention of title or lien until the said Jones made said assignment for the benefit of his creditors; that said engine, boiler and hot water heater have become a part of the freehold and had become such before the making of said loan and the taking of said mortgage, and that your Orator is a bona-fide purchaser of said aforementioned real property and fixtures, for value, without notice."

There can be no question about what the court was deciding. And, unless that decision has been modified or overruled by later decisions of this court, or has been changed

246

by statute, it still stands as the law of this state. Our research does not disclose that the principle there approved has been modified or overruled. Nor do we find any statute changing it, which is applicable to a lease containing no provision by which the lessee could acquire title to the property.

We find no averment in the pleadings now before us of any fact or facts taking the case without the operation of the principle approved in the Adams Machine Co. case.

Although it appears that the rule in Alabama is not in accord with the weight of authority, nonetheless it has been the law of this state for many years and we are not disposed to discard it by judicial action. As stated in Thompson on Real Property, Per.Ed., § 218, Vol. 1, p. 360:

"When a mortgage of real estate is made after chattels are annexed thereto under a chattel mortgage, or under an agreement that they shall retain their personal character, such mortgagee of the realty having no notice of such chattel mortgage or agreement is not bound thereby. There are some decisions, however, which hold in such case that the chattel character of fixtures may be retained even against a subsequent mortgagee of the realty without notice."

The Adams Machine Co. case is cited in support of the last sentence. See, also, Thompson on Real Property, Perm. Ed., § 184, Vol. 1, p. 280.

Recognition of the Alabama rule is thus made in Ewell on Fixtures, 2d Ed., p. 483:

"And by the courts in several States it is held that such annexation retains its character of personalty as against third persons purchasing or taking a mortgage upon the land upon which it stands, bona fide and without notice of such agreement; that it does not pass with the land to [sic], and may be removed by the party annexing it as against such bona fide purchaser or mortgagee. It is, however, laid down as a limitation upon this rule that whether an agreement shall preserve the character of personalty in things so affixed to the freehold as that but for such agreement they would become part of the realty, depends upon their essential character, and the mode in which they are annexed, e. g., whether they can be removed without serious damage to the freehold, or substantially destroying their own qualities or value; in other words, the limitation is where the subject or mode of annexation is such that the attributes of personal property cannot be predicated of the thing in controversy."

As the case now stands here, the only question presented, and, hence, the only point for decision, relates to the sufficiency of plaintiff's replication number 2 to defendant's plea number 3. Under the principle of the Adams Machine Co. case, we think the demurrer to replication number 2 was properly overruled by the trial court, and that it was error for the Court of Appeals to reverse the case because of that ruling. Accordingly, a judgment reversing the Court of Appeals is due to be entered here and the cause remanded to that court for further consideration in the light of what has been here said. It is so ordered.

Reversed and remanded.

All the Justices concur.